IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-75-D

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| RODNEY ALLEN MCCOWAN, et al., | ) |
| | ) |
| | ) |
| Appellees. | ) |

**ORDER**

On March 23, 2018, Bank of America moved for a stay pending its appeal of the bankruptcy court's order of February 9, 2018 (the "Order") in In re McCowan, case number 09-10347 [D.E. 14]. On March 29, 2018, Rodney A. McCowan and Gregory Crampton ("Appellees") responded in opposition [D.E. 17]. On April 4, 2018, Bank of America replied [D.E. 19].

Initially, this court must determine whether the bankruptcy court's February 9, 2018 order is a final appealable order ("Order"). The Order granted the trustee's motion to revoke abandonment of real property. See [D.E. 1-1] 1. In granting the motion, the bankruptcy court cited Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(6). See id. at 3. The bankruptcy court held that the trustee justifiably relied on misrepresentations by both Bank of America and the debtor in abandoning the property during the original bankruptcy proceedings and that Bank of America should have provided the trustee with the erroneously cancelled deed of trust. See id. at 4. The bankruptcy court also held that Bank of America's misrepresentation warrants relief under Rule 60(b)(6).

Under 28 U.S.C. § 158(a)(1) the district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees." In bankruptcy proceedings, "the concept of finality is more flexibly applied than with regard to district court judgments." Brandt v. Wand Partners, 242 F.3d 6, 13 (1st Cir. 2001). No bright-line or uniform rule, however, has been developed to determine when an order or judgment is final. See id. "[A]n Order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of 28 U.S.C. § 158." In re Kitty Hawk, Inc., 204 F. App'x 341, 343 (5th Cir. 2006) (per curiam) (unpublished); see In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir. 2005); W.S. Badcoc Corp. v. Beaman, No. 4:14–CV–169–BO, 2015 WL 575422, at *1 (E.D.N.C. Feb. 11, 2015) (unpublished). The Order is a final order because it ends a discrete unit of the larger case. See In re Miller, No. AZ–13–1307–JuKiD, 2014 WL 6883074, at *1–2 (B.A.P. 9th Cir. 2014) (allowing appeal of order granting motion to revoke abandonment); In re DeGroot, 484 B.R. 311, 313 (B.A.P. 6th Cir. 2012) ("An order to abandon property of the estate is a final order for purposes of appeal.").

"Federal Rule of Bankruptcy Procedure 8007 provides that a party may seek a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Bate Land Co., L.P. v. Bate Land & Timber LLC, No. 7:16-CV-23-BO, 2016 WL 3582038, at *1 (E.D.N.C. June 27, 2016) (unpublished); see Fed. R. Bank. P. 8007(a)(1)(A).[1] The standard of review for a motion to stay is the same standard of review for a preliminary injunction. See, e.g., CWCapital Asset Mgmt., LLC v. Burcam Capital II, LLC, Nos. 5:13–CV–278–F, 5:13–CV–279–F, 2013 WL 3288092, at *2 (E.D.N.C. June 28, 2013) (unpublished). Thus, Bank of America must show that "that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary

---

[1] Ordinarily, a party must first seek relief in the bankruptcy court. See Fed. R. Bank. P. 8007(a)(1)(A). Bank of America complied with this requirement.

relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The moving party must satisfy all four requirements for a preliminary injunction. See Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

As for likelihood of irreparable harm absent the requested stay, Bank of America argues that it will suffer irreparable harm because its appeal could be rendered moot if the trustee moves forward with the sale and disposes of the property. See [D.E. 14] 13. Bank of America's alleged harm is not irreparable. First, the potential sale of the property does not by itself establish irreparable harm. See, e.g., Rose v. Logan, No. RDB–13–3592, 2014 WL 3616380, at *3 (D. Md. July 21, 2014) (unpublished) (quotation omitted); In re Edwards, 228 B.R. 573, 580 (Bankr. E.D. Pa. 1999) ("[S]omething more than preservation of the status quo is necessary to show irreparable harm."). Moreover, "injuries that are fully remedied by monetary damages do not constitute irreparable harm." In re Am. Land Acquisition Corp., No.: 12–76440–ast, 2013 WL 2481534, at *7 (Bankr. E.D.N.Y. June 10, 2013) (unpublished); see In re Baker, No. 17-12870, 2017 WL 6015380, at *5 (E.D. Mich. Dec. 5, 2017) (unpublished) ("Because [claimant] does not explain why an eventual award of monetary damages would fail to make her whole—or even why a foreclosure sale many months away in March 2018 constitutes imminent harm—she cannot show irreparable harm . . . ."); White v. Gordon, No. 15–cv–523–JL, 2016 WL 8674632, at *3 (D.N.H. Jan. 29, 2016) (unpublished), report and recommendation adopted 2016 WL 2637812 (D.N.H. May 9, 2016) (unpublished); BDC Capital, Inc. v. Thoburn Ltd. P'ship, 508 B.R. 633, 639 (E.D. Va. 2014); In re Forest Grove, LLC, 448 B.R. 729, 744 (Bankr. D.S.C. 2011). Bank of America has not explained

why it cannot be adequately compensated with money damages if the sale occurs before the decision on appeal.

Furthermore, several steps apparently need to occur before the property may be sold. First, the bankruptcy court must disallow Bank of America's proof of claim. See [D.E. 16] 10.[2] Then, the bankruptcy court must enter an order authorizing the sale of property. See id.; 11 U.S.C. § 363. Bank of America has not explained why it cannot seek relief by filing a motion to stay if the bankruptcy court disallows its proof of claim and orders a sale of the property. See, e.g., In re Baker, 2017 WL 6015380, at *5 (harm not imminent when foreclosure sale months away).[3] Given that Bank of America has failed to show a likelihood of irreparable harm absent the stay, the court need not analyze the other factors. Thus, Bank of America's motion to stay is denied. See In re Culp, 550 B.R. 683, 691–92 (D. Del. 2015).

In sum, the court DENIES Bank of America's motion to stay [D.E. 14].

SO ORDERED. This 30 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge

_____

[2] If the bankruptcy court allows Bank of America's proof of claim, it may enter an order directing the trustee to abandon the property to Bank of America. See [D.E. 16] 11 n.7.

[3] Bank of America asserts that the bankruptcy judge has already ruled that it is an unsecured creditor and that the property should be sold. See [D.E. 18] 4–5; see also [D.E. 1-1] 5 ("Upon the sale of the Property, BOA shall be reimbursed its proven reasonable maintenance expenses from the net proceeds of the sale of the Property."). The court rejects this argument, however, because the trustee still needs to move the court under 11 U.S.C. § 363 for an order authorizing the sale, and the bankruptcy court still needs to enter an order.